Dear Chief Morris:
Your request for an Attorney General Opinion was forwarded to me for research and reply. Your questions are as follows:
 1. Does the Slidell Police Department have the authority to book subjects outside of its jurisdiction when the subjects are arrested by other police departments on warrants issued by the Slidell Police Department?
 2. If not, who is responsible for transporting the subject for booking?
 3. Does the Slidell Police Department have arrest powers or enforcement powers outside the city limits of Slidell?
In response to your first question, La.C.Cr.P. art. 228
provides the procedure for booking an arrested person. This statute provides as follows:
 It is the duty of every peace officer making an arrest, or having an arrested person in his custody, promptly to conduct the persons arrested to the nearest jail or police station and cause him to be booked.
Pursuant to this article, it is the duty of every peace officer making an arrest to cause the subject to be booked. Thus, if a subject is arrested by other police departments, those arresting officers must cause the subject to be booked. Unless the Slidell Police Department obtains arrest powers pursuant to either La. R.S. 40:1379.1 or 33:1435.1, it has no authority to book subjects outside of its jurisdiction.
In response to your second question, there are no statutes particularly dealing with the transportation of subjects arrested. However, La.C.Cr.P. art. 228 provides that it is the duty of every peace officer making an arrest "to conduct the person arrested to the nearest jail or police station." This duty does not extend to the transporting of arrestees from one jurisdiction to another.
However, La.C.Cr.P. art. 207 provides for the appropriate procedure when an arrest is made for an offense triable in another parish. This statute provides as follows:
 When an arrest under a warrant occurs in a parish other than that in which the alleged offense was committed, the persons arrested shall be booked and imprisoned in the parish where he was arrested until he gives bail or is transferred to the parish where the offense is alleged to have been committed. A person awaiting transfer shall not be detained in custody in the parish of his arrest for a longer period than ten days.
Thus, as long as the subject has been booked in St. Tammany Parish, the booking requirement of Art. 207 has been fulfilled, and further transportation and additional booking may not be necessary.
In response to your third question, Louisiana Attorney General Opinion No. 88-116 specifically addresses the issue of a police officer's powers outside of his jurisdiction. This opinion states that, "it is a generally accepted axiom that a police officer's police power is limited to the jurisdiction in which he is employed." The opinion also expressed some policy reasons for limiting a police officer's jurisdiction. Those policies include efficient police protection as well as insurance coverage purposes.
However, the legislature has granted police departments some recourse in this area. La.C.Cr.P. art. 213 allows a peace officer "in close pursuit of a person to be arrested" to enter another jurisdiction in this state and to arrest such person. Also, Subsection (A) or La. R.S. 40:1379.1 provides, in pertinent part, as follows:
 The superintendent of state police shall be authorized to issue at his discretion a special officer's commission from the division of state police.
La. R.S. 33:1435.1 provides, in pertinent part, that:
 . . . the sheriff of each parish may issue to a municipal policeman a sheriff's commission permitting such officer to have parishwide law enforcement jurisdiction or jurisdiction within such limited area of the parish as the sheriff shall designate.
These statutes specifically allow police officers to receive an extension of jurisdiction "in order to fulfill certain law enforcement needs." (Louisiana Attorney General Opinion No. 88-116 pg. 5). It appears as though adequate law enforcement needs in Slidell dictate that the officers in that jurisdiction should seek special commissions in order to help facilitate their arrests outside of their jurisdiction. This is so in light of the fact that the St. Tammany Parish jail is located in Covington, which is approximately thirty miles from Slidell. Presently, if a subject is serving time at the St. Tammany Parish jail in Covington, and information is developed by the Slidell Police Department of another violation that the subject had previously committed in the jurisdiction of the Slidell Police Department, the Slidell Police Officers must cause a warrant to be issued in Slidell. They must then notify the St. Tammany Parish Sheriff's Office that the Slidell Police Department is holding warrants on the subject and to place a hold on him for the Slidell Police Department. If the Slidell Police Department wishes to book the subject in Slidell it is incumbent on them to transport.
Thus, although the Slidell Police Department does not have arrest or enforcement powers outside the city limits of Slidell except when the officers is in "close pursuit", they may be granted special commissions from either the superintendent of the state police or the sheriff of that parish in order to have police power extended outside of their territorial jurisdiction. It is important to note that the Slidell Police Department has access to a city jail where defendants can be booked for misdemeanors only. Thus, this opinion is only relative to felony offenses.
Thus, it is the opinion of this office that the Slidell Police Department has no authority to book subjects outside of its jurisdiction on its own warrants. Also, it is incumbent on the Slidell Police Department to transport its subjects for booking. The Slidell Police Department does not have any arrest or enforcement power outside the city limits of Slidell except when they are in "close pursuit". However, they may seek special commissions in order to have police power outside of their territorial jurisdiction.
I hope this opinion sufficiently answers your questions. If our office may be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: FREDERICK A. DUHY, JR. Assistant Attorney General
RPI/FAD/rda